UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 2 1 2011 ★

BROOKLYN OFFICE

-----------------------------------------------------------------X

TYREEK TAYLOR,

SUMMONS ISSUED
COMPLAINT

Plaintiff,

Docket No.

-against-

Jury Trial Demanded

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

MATSUMOTO, J.

Defendants.

AZRACK, M.J.

-----------------------------------------------------------------X

Plaintiff TYREEK TAYLOR, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

**Preliminary Statement**

1.    Plaintiff bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.  Plaintiff also asserts supplemental state law claims.

**JURISDICTION**

2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

**VENUE**

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff TYREEK TAYLOR is twenty-one year old African American man legally residing in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.    On June 23, 2010, at approximately 10:00 p.m., plaintiff TYREEK TAYLOR was a lawful pedestrian on Stanley Avenue, between Schenck Avenue and Ashford Avenue, in Brooklyn, New York.

13.    At the aforesaid time and place, the defendant police officers illegally stopped, detained, and searched plaintiff, despite lacking any legal justification for said conduct.

14.    When the defendants searched inside plaintiff's pockets by placing their hands inside plaintiff's pockets, plaintiff stated in sum and substance, this isn't a pat frisk.

15.    The defendant officers responded, in sum and substance, so you're a lawyer.

16.    When plaintiff TAYLOR replied, in sum and substance, no, I'm not a lawyer, but I can get one, the defendant officers stated in sum and substance, let's take him in if he wants to be a wise guy.

17.    Notwithstanding the fact that the defendant officers did not recover any contraband from plaintiff, the defendants arrested plaintiff, handcuffed his wrists, and transported him to the 75th NYPD precinct.

18.    Plaintiff was imprisoned plaintiff until June 24, 2010, when he was arraigned on false charges filed under docket number 2010KN050462; said charges having been filed based on the false statements of the defendant officers.

19.    The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

20.    On August 24, 2010, the above mentioned criminal docket was adjourned in

3

contemplation of dismissal, and immediately dismissed and sealed in Kings County Criminal Court.

21. Defendant police officer JOHN or JANE DOE 1 supervised defendants JOHN and JANE DOE 2 through 10, and approved of, oversaw, and otherwise presided over the defendant officers' arrest of plaintiff.

22. The defendant police officers JOHN and JANE DOE 2 through 10 either participated in or failed to intervene in the illegal conduct described herein.

23. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

24. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained on when to stop, detain, arrest, and search individuals.

25. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

26. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and

4

supervise them.

27.     As a result of the foregoing, plaintiff TYREEK TAYLOR sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

28.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30.     All of the aforementioned acts deprived plaintiff TYREEK TAYLOR, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

33.     Defendants, collectively and individually, while acting under color of state law,

5

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34.     As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

35.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Defendants arrested plaintiff TYREEK TAYLOR without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

37.     Defendants caused plaintiff TYREEK TAYLOR to be falsely arrested and unlawfully imprisoned.

38.     As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants issued criminal process against plaintiff TYREEK TAYLOR by

6

causing his arrest and prosecution in Kings County Criminal Court.

41.     Defendants caused plaintiff TYREEK TAYLOR to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

42.     As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (First Amendment Claim under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     The acts of the defendants were in retaliation for plaintiff's exercise of his First Amendment freedom of speech and expression, and not in response to any unlawful acts of the plaintiff.

45.     As a result of the aforementioned conduct of defendants, plaintiff TYREEK TAYLOR was subjected to retaliation for the exercise of his First Amendment rights.

46.     As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

7

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

49.     As a result of the foregoing, plaintiff TYREEK TAYLOR was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

50.     As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     The defendants falsely arrested plaintiff TYREEK TAYLOR because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

53.     As a result of the foregoing, plaintiff TYREEK TAYLOR was deprived of his rights under the Equal Protection Clause of the United States Constitution.

54.     As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

8

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendants had an affirmative duty to intervene on behalf of plaintiff TYREEK TAYLOR, whose constitutional rights were being violated in their presence by other officers.

57.     The defendants failed to intervene to prevent the unlawful conduct described herein.

58.     As a result of the foregoing, plaintiff TYREEK TAYLOR'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

59.     As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

9

62.     As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

63.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

65.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to arresting citizens in retaliation for the exercise of the First Amendment rights to free speech and without probable cause, and then committing perjury and/or falsification and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff TYREEK TAYLOR'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

66.     The foregoing customs, policies, usages, practices, procedures and rules of the

10

CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff TYREEK TAYLOR.

67.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff TYREEK TAYLOR as alleged herein.

68.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff TYREEK TAYLOR as alleged herein.

69.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff TYREEK TAYLOR was unlawfully arrested.

70.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff TYREEK TAYLOR'S constitutional rights.

71.     All of the foregoing acts by defendants deprived plaintiff TYREEK TAYLOR of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from the failure to intervene;

        D.     To be free from malicious abuse of process;

        E.     To be free from retaliation for exercise of their First Amendment rights;

        F.     To receive equal protection under law.

72.     As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to

11

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### Supplemental State Law Claims

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

75.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

76.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

77.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

78.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

79.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     Defendants arrested plaintiff TYREEK TAYLOR without probable cause.

12

81.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

82.     As a result of the aforementioned conduct, plaintiff TYREEK TAYLOR was unlawfully imprisoned in violation of the laws of the State of New York.

83.     As a result of the aforementioned conduct, plaintiff TYREEK TAYLOR suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

84.     As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     As a result of the foregoing, plaintiff TYREEK TAYLOR was placed in apprehension of imminent harmful and offensive bodily contact.

87.     As a result of defendant's conduct, plaintiff TYREEK TAYLOR has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

88.     As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

13

attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

89.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.    Defendants made offensive contact with plaintiff TYREEK TAYLOR without privilege or consent.

91.    As a result of defendants' conduct, plaintiff TYREEK TAYLOR has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

92.    As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

93.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.    Defendants issued criminal process against plaintiff TYREEK TAYLOR by causing him to be arrested and compelling his appearance in criminal court.

95.    Defendants caused plaintiff TYREEK TAYLOR to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

96.    As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to

14

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

97.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

99.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

100.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

101.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff TYREEK TAYLOR.

102.     As a result of the aforementioned conduct, plaintiff TYREEK TAYLOR suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

103.     As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

104.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff TYREEK TAYLOR.

106.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

107.    As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

108.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff TYREEK TAYLOR.

110.    As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

16

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

111.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.   Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

113.   As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws cf the State of New York)

114.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

116.   As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to

17

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

117.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    As a result of defendants' conduct, plaintiff TYREEK TAYLOR was deprived of his right to equal protection of laws.

119.    As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

120.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.    As a result of defendants' conduct, plaintiff TYREEK TAYLOR was deprived of his right to security against unreasonable searches, seizures, and interceptions.

122.    As a result of the foregoing, plaintiff TYREEK TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

18

attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff TYREEK TAYLOR demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
September 21, 2011

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:    _____
       BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff TYREEK TAYLOR

19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

TYREEK TAYLOR,

                                        Plaintiff,

                                                                    Docket No.

        -against-

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                                        Defendants.

------------------------------------------------------------------------------X

## COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100